UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ERNEST CARMONA,

                              Plaintiff,

               -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.   Plaintiff demands a trial by jury in this action.

## PARTIES

7.   Plaintiff Ernest Carmona ("plaintiff" or "Mr. Carmona"), an African-American male, is a resident of Kings County in the City and State of New York.

8.   Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.   At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.   At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.   At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

12. Prior to the incident described herein, Mr. Carmona had never been arrested.

13. At approximately 7:00 a.m. on February 21, 2014, Mr. Carmona was sleeping in his bed at 2980 West 28th Street, Apt. 1749 in Brooklyn, New York.

14. The defendant officers knocked down plaintiff's door.

15. One of the defendants picked plaintiff up and slammed plaintiff into the floor and wall, causing injuries to plaintiff's back and ribs.

16. Plaintiff was placed in handcuffs and placed under arrest. One of the defendants claimed to have seen a firearm thrown from the seventeenth floor window.

17. The officers then handcuffed and arrested Mr. Carmona and placed him in a police vehicle.

18. Plaintiff was taken to the precinct and questioned. The defendant officers told plaintiff that they knew the gun was not his, but if he told them who did own the gun, they would set him free.

19. Plaintiff told the officers that he did not know anything about that gun, or any gun.

20. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Carmona possessing a firearm and prepared police paperwork and other documents to that effect.

21. Mr. Carmona was then held in the precinct overnight and taken to Kings Central Booking on the morning of February 22, 2014.

22. Mr. Carmona was arraigned on February 22, 2014, and formally charged with Criminal Possession of a Weapon

23. Bail was set on Plaintiff.

24. After plaintiff posted bail and was released, he went to Maimonides hospital for treatment for his injuries.

25. Plaintiff later returned to court in order to testify before a grand jury.

26. After plaintiff's testimony, the grand jury refused to indict plaintiff and all charges against him were dismissed.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, lost wages, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop, Search and Seizure

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they stopped, searched and seized plaintiff without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

36. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

37. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

6

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against plaintiff.

43. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### MALICIOUS ABUSE OF PROCESS

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendants issued legal process to place plaintiff under arrest.

48. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to punish him for exercising his First Amendment right to question them.

49. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: January 5, 2014
New York, New York

/s
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiff*